JOURNAL ENTRY and OPINION
Appellant Jameel R. Haamid appeals from the trial court's decision sentencing him to consecutive terms of eight years imprisonment for felonious assault and seven years imprisonment for robbery. Haamid assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN IMPOSING THE MAXIMUM SENTENCE PURSUANT TO RC 2929.14(C) [SIC] WHEN IT FAILED TO FIND THAT THE APPELLANT COMMITTED THE WORST FORM OF THE OFFENSE AND THAT THE APPELLANT POSED THE GREATEST LIKELIHOOD OF COMMITTING FUTURE CRIMES.
 II. THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO CONSECUTIVE SENTENCES AND IS OTHERWISE CONTRARY TO OHIO LAW.
 III. THE APPELLANT'S SENTENCE VIOLATES RC 2929.11 (B) AND IS INCONSISTENT WITH SENTENCES IMPOSED FOR SIMILAR CRIMES BY SIMILAR OFFENDERS.
Having reviewed the record and the legal arguments of the parties, we affirm in part, and reverse in part, the decision of the trial court. The apposite facts follow.
This is the second time this case has been before this court on sentencing issues. Prior to our first impression, the trial court convicted Haamid on one count of robbery, one count of felonious assault, one count of failure to comply with an order or signal of a police officer, and two counts of assault on a police officer. On his first appeal to this court, Haamid argued, inter alia, that the trial court erred by imposing maximum and consecutive sentences regarding the felonious assault and failure to comply charges. Relying upon State v. Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131, we held the following:
 In the case sub judice, the trial court imposed the maximum sentence for both felonious assault and for failure to comply with an order or signal of a police officer.
 As to failure to comply with an order or signal of a police officer, the trial court did state for the record some of its concerns, however, the court did not specifically speak to the statutory language of R.C. 2929.14(C).
 The trial court made no findings at all as to the crime of felonious assault. Under Edmonson, supra, this court is required to reverse and remand for re-sentencing.
State v. Haamid (Jan. 20, 2000), Cuyahoga App. No. 56148, unreported, at 6-7.
In his first assignment of error, Haamid again appeals the trial court's imposition of the maximum sentence for felonious assault. He argues that the trial court failed to use requisite statutory language under R.C. 2929.14(C).
R.C. 2929.14(C) states:
 ***, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
At the re-sentencing hearing the trial court stated:
 That is why the Court imposed the most serious — the Court finds this is indeed a more serious form of the offense and imposes the maximum sentence because he used his automobile as a weapon in this case in conjunction with the fleeing and eluding which was I think count three.
 So the Court imposes 8 years on [felonious assault], ***.
This court has held that the trial court need not use the exact language of R.C. 2929.14(C) as long as it is clear from the record that the trial court made the required findings. State v. Futrell (Nov. 10, 1999), Cuyahoga App. Nos. 75033, 75034, 75035, unreported; See State v. Beasley (June 11, 1998), Cuyahoga App. No. 72853, unreported; State v. Assad, (June 11, 1998), Cuyahoga App. Nos. 72648, 72649, unreported. Here, the trial court found that Haamid committed a more serious form of the offense. While the trial court did not use the exact language found in R.C. 2929.14(C), the language sufficiently evidences the trial court's adherence to R.C. 2929.14(C)'s purpose of limiting maximum sentences to the most deserving offenders. State v. Edmonson (1999), 86 Ohio St.3d 324,715 N.E.2d 131. Accordingly, we overrule Haamid's first assignment of error.
In his second assignment of error, Haamid argues the trial court erred by imposing consecutive, rather than concurrent sentences for felonious assault and robbery.
R.C. 2929.14(E)(4) states:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Here, the trial court stated the following relevant to its decision to impose consecutive sentences:
 I don't believe he previously served a prison term, however he did commit this offense while under community control sanctions.
***
 As far as the seriousness of the offense, the victim did suffer physical harm. The offender — the victim's relationship as a police officer with a criminal facilitated the offense, and this Court finds that the community needs to be protected from not only police chases, ***, but from intentional acts of using an automobile in a police chase as a weapon as was used in this case.
***
 The sentence in this case on [felonious assault] will run consecutive to the sentence that the Court will impose on [robbery], ***.
***
 ***, the Court can depart from the minimum sentence in this case and impose 7 years on that count, and in order to protect the community, we'll run that consecutive to the other two cases.
Arguably, these statements speak to various aspects of R.C.2929.14(E)(4); however, the trial court clearly failed to meet the minimum threshold. Although the trial court mentioned the seriousness of the offense, there is no language indicating the trial court considered whether consecutive sentences are disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. It is insufficient to merely address the facts that led the trial court to characterize a defendant's conduct as serious or the defendant as a danger to the public. Further, it is not enough to simply state that the conduct is serious, and that the offender poses a danger to the public. Rather, the statute clearly requires a trial court imposing consecutive sentences to find that consecutive sentences are not disproportionate to the severity of conduct and the danger posed by the offender. The trial court may not limit its discourse to one side of the equation as it did here.
Although not specifically addressed by Haamid, we note that the trial court ordered the sentence for failure to comply to run consecutive to the other sentences it imposed. R.C. 2921.331(D) provides that if the trial court sentences the offender pursuant to R.C. 2921.331(C)(4) or (D), the trial court shall impose the sentence for failure to comply consecutive to any other sentence imposed upon the offender. To impose a consecutive sentence under the failure to comply charge, the trial court must follow R.C. 2921.331 independently from the statutory sections discussed above. Accordingly, we sustain Haamid's second assignment of error.
In his third assignment of error, Haamid argues that the sentences imposed by the trial court violate fair sentencing guidelines and are disproportionate to similar offenses. Having sustained Haamid's second assignment of error, we need not decide whether Haamid's third assignment of error applies to the trial court's imposition of consecutive sentences. Therefore, we solely focus on whether the individual sentences for felonious assault and robbery run afoul of fair sentencing guidelines.
R.C. 2953.08(G)(1) provides:
 The court hearing an appeal of a sentence under division (A) or (B)(1) or (2) of this section may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the trial court for resentencing if the court clearly and convincingly finds any of the following:
(a) That the record does not support the sentence;
***
 (d) That the sentence is otherwise contrary to law.
Therefore, the law is well defined that we will not reverse a trial court on sentencing issues unless the defendant shows by clear and convincing evidence that the trial court has erred.
The trial court convicted Haamid of felonious assault and robbery, both second degree felonies. R.C. 2929.14(B) authorizes a trial court to sentence a second degree offender to a prison term of two, three, four, five, six, seven, or eight years for each offense. The trial court sentenced Haamid to the maximum term of eight years imprisonment for felonious assault, and seven years for robbery. Regarding both sentences, the trial court stayed within Ohio's statutory framework.
R.C. 2929.14(C) permits imposition of the maximum term if the trial court finds the offender committed the worst form of the offense. As discussed under Haamid's first assignment of error, the trial court satisfied R.C. 2929.14(C), and was thus justified in imposing the maximum sentence for felonious assault.
Since the trial court did not impose the maximum sentence for robbery, it was not bound by R.C. 2929.14(C). Rather, the trial court was obligated to consider R.C. 2929.14(B) which states:
 *** if the court imposing a sentence upon an offender and if the offender previously has not served a prison term the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others.
In deviating from the minimum term for robbery, the trial court incorporated the reasons it gave for sentencing Haamid for felonious assault. In doing so, the trial court found that the sentence was necessary to protect the public from future crime by Haamid. Therefore, the trial court was justified in deviating from the minimum sentence and imposing upon Haamid a prison term of seven years for robbery.
The record before us supports the trial court's decision to sentence Haamid to eight years for felonious assault and seven years for robbery, and the sentences are not contrary to law. For the foregoing reasons, we do not find by a clear and convincing standard that the trial court erred in sentencing Haamid as it did for felonious assault or robbery. Haamid's third assignment of error is overruled.
Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellee share the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________ PATRICIA ANN BLACKMON, JUDGE:
DIANE KARPINSKI, A.J., and KENNETH A. ROCCO, J., CONCUR.